IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| **OAK VIEW GROUP, LLC,**<br>5050 S. SYRACUSE ST., 8TH FLOOR<br>DENVER, COLORADO 80237<br><br>    Plaintiff,<br><br>  v.<br><br>**CRAIG BERNSTEIN,**<br>9104 SHAD LANE<br>POTOMAC, MARYLAND 20854<br><br>    Defendant. | **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>Case No. _____ |

Plaintiff Oak View Group, LLC ("OVG"), by and through their undersigned counsel, files this Complaint against Defendant Craig Bernstein, and states as follows:

## NATURE OF THE ACTION

1. OVG is the largest developer of sports and live entertainment venues in the world. It owns and operates more than 300 venues worldwide, employs more than 30,000 people, and invests billions of dollars worldwide in the development of arenas and other types of venues.

2. Defendant Craig Bernstein is the estranged husband of Randi Bernstein, OVG's current Senior Vice President and Global Counsel of Global Venue and Business Development.

3. Since last year, the Bernsteins have been engaged in a contentious divorce and custody proceeding in Maryland family court.

4. OVG recently learned that Craig Bernstein, without OVG's permission or knowledge, copied approximately 20 gigabytes of files, emails and documents containing OVG trade secrets and other highly sensitive, proprietary, confidential and privileged information (the

1

"OVG Materials") from Ms. Bernstein's company-issued laptop computer. The OVG Materials appear to be dated between April 5, 2020 and May 15, 2021 and include more than 73,500 emails and attachments from Ms. Bernstein's email inbox.

5. No one—not Ms. Bernstein or anyone at OVG—authorized Mr. Bernstein to copy, take, or obtain this information and, until recently, OVG and Ms. Bernstein were unaware that it had been taken.

6. As of the date of this Complaint, despite multiple attempts by OVG to recover the OVG Materials, Defendant has refused to return the OVG Materials to OVG.

7. Mr. Bernstein has disclosed and used the OVG Materials, which contain OVG's proprietary and confidential information including business trade secrets, without OVG's consent.

8. Since learning of Mr. Bernstein's theft, OVG has made repeated attempts to recover its proprietary materials without litigation. OVG has engaged in lengthy conversations with Mr. Bernstein's new divorce attorney, Ms. Badalian, but those conversations broke down when Ms. Badalian, on behalf of Mr. Bernstein, refused to return the OVG Materials and to otherwise represent that they would not be used by Mr. Bernstein in the future.

9. Despite OVG's repeated attempts to secure the OVG Materials and ensure their protection from dissemination, including through Mr. Bernstein's counsel in the divorce case, Defendant has refused to comply with OVG's requests.

10. The OVG Materials are currently in the possession of a Maryland attorney, Stanley J. Reed, Esq. retained by Mr. Bernstein's former divorce attorney, Heather Hostetter, Esq. Mr. Reed is acting at Mr. Bernstein's direction and also has refused to return the OVG Materials to OVG without Mr. Bernstein's authorization.

11. On information and belief, Defendant may have acquired additional confidential or proprietary information that belongs to OVG and about which OVG may have not learned. It is impossible, at this time, to know the full scope of Defendant's wrongful taking and misappropriation of OVG's information and documents.

12. Left with no other choice to protect its business, OVG brings this Complaint seeking redress for the violations described above and in further detail below, including for an immediate, preliminary, and permanent injunction (1) compelling Defendant to return, at his own expense, all printed and electronic materials, and copies thereof, of OVG's confidential information and trade secrets, including but not limited to the OVG Materials; (2) enjoining Defendant from using or disclosing any of OVG's confidential information or trade secrets, including but not limited to the OVG Materials; (3); enjoining Defendant from attempting to further access or acquire OVG's confidential information or trade secrets, including but not limited to the OVG Materials; (4) enjoining Defendant from possessing, using, or disseminating any of OVG's confidential information and trade secrets, including but not limited to the OVG Materials.

13. Absent immediate injunctive relief, OVG will suffer additional imminent injury, including the disclosure of its trade secrets and proprietary information, resulting in the loss of business, and competitive advantage.

## THE PARTIES

14. OVG is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business located in Denver, Colorado.

15. Defendant Craig Bernstein is a citizen of the State of Maryland, residing at 9104 Shad Lane, Potomac, Maryland 20854.

**JURISDICTION AND VENUE**

16. This Court has personal jurisdiction over Defendant Craig Bernstein because he is a natural person and citizen of the State of Maryland.

17. This Court has original subject matter jurisdiction over this action under 18 U.S.C. § 1836 as OVG brings claims against Defendant under the federal Defend Trade Secrets Act.

18. This Court also has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the Plaintiff OVG (a Delaware corporation with its principal place of business in Denver, Colorado) and Defendant Craig Bernstein (a Maryland citizen), and the amount in controversy exceeds the sum of $75,000.

19. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

**FACTUAL BACKGROUND**

*Overview of OVG and their Business*

20. Founded in 2015, Oak View Group, LLC is a multi-million dollar international company that is the largest developer of sports and live entertainment venues in the world. It also provides advisory and investment services for the sports and live entertainment industries.

21. OVG has secured dozens of competitive contracts to redevelop or construct brand new venues in the United States and in prominent international locations, including Climate Pledge Arena in Seattle, Washington, UBS Arena in New York City, the University of Texas at Austin, Co-op Live in Manchester, United Kingdom, and most recently, a new arena in Las Vegas.

22. In addition to developing new buildings, OVG also owns or manages many of the top entertainment venues in the United States, including CFG Bank Arena in Baltimore, Navy Pier in Chicago, and the Miami Beach Convention Center.

23. OVG employs more than 30,000 people around the world, one of whom is Ms. Bernstein.

24. Ms. Bernstein began working for OVG in 2018 in a dual business and legal role. Her current title is Senior Vice President and Global Counsel of Global Venue and Business Development.

25. Ms. Bernstein works in her current position on every aspect of OVG's development projects.  Each day, she receives, reviews, creates, and otherwise interacts with highly confidential and competitively sensitive company information, strategies, and reports.

26. Ms. Bernstein also frequently reviews, drafts, and receives confidential documents and information that are attorney-client privileged or subject to the attorney work product doctrine.  By the nature of her role as a Senior Vice President, she is privy to the company's most sensitive and confidential information.

*Ms. Bernstein and Defendant's Divorce*

27. Ms. Bernstein and Defendant were married in 2011 in Maryland.  Their marriage broke down in the fall of 2022, and they formally separated in January 2023.  On February 23, 2023, Defendant filed suit in the Circuit Court for Montgomery County, Maryland, for absolute divorce, custody, child support and other relief.  On April 17, 2023, Ms. Bernstein filed a counter-complaint for absolute divorce, or in alternative, limited divorce, and for custody, child support and related relief.

28. Ms. Bernstein and Defendant are still currently engaged in contentious divorce proceedings in the Circuit Court of Montgomery County (the "Divorce Case").

29. Ms. Bernstein is represented by Deborah L. Webb of Webb Soypher McGrath, LLC.

30. Until recently, Defendant was represented by Heather Hostetter of Hostetter Strent, LLC. He now is represented in the divorce proceedings by Kristina Badalian of Grove & Badalian LLP.

31. Additionally, May 16, 2023, the Court appointed a Best Interest Attorney, Vincent Wills of Meiselman Helfant & Wills, LLC, to represent Ms. Bernstein's and Defendant's two minor children.

32. On April 7, 2023, Mr. Bernstein served discovery subpoenas on two OVG senior executives seeking depositions and documents from OVG in the Divorce Case. The executives filed a Motion to Quash the Subpoenas, or in the Alternative, Motion for Protective Order, seeking to quash the subpoenas in their entirety, in part because the subpoenas sought documents belonging to OVG—not the individuals themselves. The executives made clear that they would not produce documents to Defendant that contained OVG's confidential and proprietary information. The Motion, among other things, specifically objected to Requests 15-17, which asked the executives to produce financial information and sensitive business records possessed by OVG.

33. On May 23, 2023, the court overseeing the Divorce Case denied the executives' Motion to Quash and ordered that the two executives sit for deposition, but granted the motion for protective order in part as to certain requests for production, including the requests that sought Cap Tables for OVG and affiliated companies, and compensation of the top 75 employees

of OVG. The executives timely appealed the court's order on May 6, 2023 to the Appellate Court of Maryland, where the case is currently pending and Appellants' Brief is due on October 23, 2023.

34. On July 11, 2023, Defendant's then-lawyer in the family court case in the Circuit Court of Montgomery County, Heather Hostetter, sent a letter to Deborah Webb and Vince Wills in the divorce proceeding "providing supplemental discovery" from Defendant that included a flash drive that "contains a copy of the hard drive of Ms. Bernstein's previous computer that was copied in Spring 2021."

35. The letter from Defendant's prior counsel to Ms. Bernstein's counsel claims that in the Spring of 2021, "Ms. Bernstein asked Mr. Bernstein to back up her hard drive when she was transferring her information to a new computer in case there were any technical issues."

36. This representation is false. Ms. Bernstein did not authorize Mr. Bernstein to access, use, or back up her OVG computer.

37. OVG certainly did not authorize Mr. Bernstein or anyone else to access or back up OVG's computer, nor permit him to take the OVG Materials, keep it, and/or disclose it to others.

38. Ms. Webb informed counsel for OVG of Mr. Bernstein's production of the OVG Materials.

### *The Stolen Material*

39. OVG has a robust data protection and security system, which includes the requirement of multi-layer authentication, password protection and passcodes to all computers and phones that contain OVG information, and other accepted measures within the industry. OVG also takes other standard, reasonable measures to protect its data and information,

including through security trainings, technology upgrades, and provisions in its employees' contracts and the OVG Employee Handbook.

40. Ms. Bernstein never shared her work passwords with Defendant, nor did she ever give him permission or authorization to use, access, or copy any OVG information from her work computer.

41. OVG never gave Defendant permission or authorization to use, access, or copy any OVG information from Ms. Bernstein's work computer.

42. Ms. Bernstein and OVG were not aware that Defendant had accessed her work computer and copied the OVG Materials until Defendant produced them in the Divorce Case on July 11, 2023.

43. The documents and files on the flash drive that Defendant wrongfully possessed, accessed, copied, and produced include OVG trade secrets and other highly sensitive, confidential, and proprietary business information that if disclosed, would harm the interests of OVG.

44. For example, among the documents are highly sensitive business pro formas and documents that include business modeling that OVG conducts when exploring new potential developments.  These documents include proprietary information, including trade secrets, that if disclosed to competitors would seriously harm OVG's business model.  The types of evaluations and analyses conducted in these documents are what gives OVG a business advantage over its competitors, and such information is protected and maintained as highly confidential within OVG as a company.

45. The materials also include slide decks prepared for Board of Directors meetings that contain highly confidential and proprietary non-public information about OVG's finances, business projections, future business targets, and internal business strategy.

46. The flash drive also includes a PST file of more than 73,500 emails and attachments sent or received by Ms. Bernstein. The emails contain sensitive and proprietary information, including information about OVG's short-term and long-term strategies and projections, as well as attorney-client communications and attorney work product. If such materials were to disclosed to third parties, including OVG's competitors, OVG would suffer harm by losing a competitive business advantage over others in the industry who do not know of OVG's unique and valuable business model.

47. The materials also include documents with information that is subject to strict non-disclosure and confidentiality agreements with third parties, including OVG's clients and joint venture partners.

***OVG Made Repeated Efforts to Retrieve Its Stolen Materials, But Defendant Refused***

48. Immediately after learning about Defendant's production and disclosure of the OVG Materials in the divorce proceeding, counsel for OVG sent a letter to Defendant and his counsel demanding that each party: (1) immediately return to OVG every copy of the OVG Materials, (2) destroy any other copies made of the materials, (3) cease any use of the OVG materials in any way, (4) identify all persons to whom the OVG Materials have been disclosed, and (5) execute an affidavit stating that all copies of the OVG Materials in her firm and Mr. Bernstein's possession have been returned to OVG or destroyed.

49. On July 25, 2023, Ms. Hostetter, through her own counsel, Stanley J. Reed, Esq. of Lerch, Early & Brewer, Chtd., confirmed that she complied with the requested demands in

OVG's letter and executed the Affidavit. She also recently returned her copy of the OVG Materials to OVG through her counsel.

50. On August 7, 2023, Ms. Hostetter's counsel informed OVG's counsel that Ms. Hostetter does not represent Defendant with respect to the OVG Materials and the OVG Materials nor the requested Declaration, and that Defendant was consulting separate counsel.

51. Counsel for OVG also sent a copy of the letter to Ms. Webb and Mr. Wills, asking for confirmation that they and their firms will destroy or return these materials. On July 13, 2023, and July 18, 2023, respectively, both Ms. Webb and Mr. Willis complied with this demand and provided the requested confirmation.

52. On August 16, 2023, Ms. Hostetter filed a motion to withdraw as Defendant's attorney in the divorce proceeding.

53. OVG's counsel again wrote to Defendant, this time directly, and sent a process server to deliver a letter to him, which he received on August 18, 2023. The letter demanded that he: (1) return to OVG every copy of the OVG Materials, (2) destroy any other copies made of the materials, (3) cease any use of the OVG materials in any way, (4) identify all persons to whom the OVG Materials have been disclosed, and (5) execute an affidavit stating that all copies of the OVG Materials in his possession have been returned to OVG or destroyed. The letter requested a response by August 23, 2023. *Id.*

54. Defendant never responded.

55. On September 8, 2023, Kristina Badalian of Grover & Badalian, LLC, entered her appearance on behalf of Defendant in the Divorce Case.

56. Counsel for OVG immediately reached out to Ms. Badalian to attempt to resolve this dispute. On September 11, 2023, counsel for OVG contacted Ms. Badalian again to notify

Defendant of this action and of OVG's intent to seek relief from this Court if Defendant did not comply with OVG's demands and execute the requested affidavit. Counsel for OVG requested a response by September 12.

57. On September 12, 2023, Ms. Badalian sent counsel for OVG an affidavit signed by Defendant, with changes to OVG's requested language. The executed affidavit stated that Defendant's copy of the flash drive containing the OVG Materials is currently being held by Mr. Reed, in trust, pending resolution of this matter and that Defendant "will not use or disclose any of the contents of the Flash Drive in any way, shape, or form for any purpose, unless and until a Court of competent jurisdiction issues a ruling as to the use of the information, if any." *See id.*

58. Ms. Badalian also stated that she does not represent Mr. Bernstein in any civil matter other than the Divorce Action, including in connection with the OVG Materials.

59. On September 19, 2023, counsel for OVG requested that Defendant sign an appropriate affidavit in order to obtain the assurances needed to protect, secure, and recover its confidential, proprietary, and privileged information, including that: (i) Defendant will direct Mr. Reed to return the copy of the flash drive containing the OVG Materials to counsel for OVG; (ii) that Defendant will not use or disclose any of the contents of the flash drive containing the OVG Materials in any way, shape, or form for any purpose; and (iii) that should Timothy Leiweke or Francesca Bodie produce documents or information to Defendant in the Divorce Case pursuant to a Court order, subpoena, or agreement of the parties, he will use or disclose any documents or information solely for the purposes of the Divorce Case, and he will return those documents and information to counsel for OVG upon conclusion of the Divorce Case or destroy them if so instructed.

60. Ms. Badalian responded on September 21, 2023, stating that Defendant will not sign the revised affidavit because he will not agree to direct Mr. Reed to return the copy of the flash drive containing the OVG Materials to counsel for OVG. Ms. Badalian explained to counsel for OVG on the phone that Mr. Bernstein's refusal was because he may elect to use the OVG Materials in the Divorce Case in the future. She also reiterated that she does not represent Mr. Bernstein in connection with the OVG Materials.

61. OVG then attempted, through counsel, to recover the OVG Materials directly from Mr. Reed. Mr. Reed, on behalf of Ms. Hostetter, agreed to deliver to OVG Ms. Hostetter's copy of the flash drive containing the OVG Materials. On September 27, 2023, Mr. Reed informed OVG that he did not have permission to return Mr. Bernstein's copy of the OVG Materials.

62. Absent assurances from Mr. Bernstein that he will not use the confidential and proprietary information contained on the OVG Materials should it be returned to him, and his agreement to return the OVG Materials to counsel for OVG, OVG is left with no option but to file this lawsuit to protect its proprietary and confidential trade secret information from disclosure.

**COUNT I: VIOLATION OF MARYLAND UNIFORM TRADE SECRETS ACT**

*MD. CODE ANN., COM. LAW II sec. 11-1201 et seq.*

63. OVG repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

64. The OVG Materials, including but not limited to sensitive financial and budgeting documents, prospective development models, and business strategy documents, are highly confidential and proprietary trade secrets.

65. The OVG Materials derive independent economic value by not being generally known and not being readily accessible through proper means by other persons who can obtain economic value from their disclosure and/or use, including competitors of OVG.

66. OVG has spent significant sums, in terms of both financial and human resources, to develop and maintain the OVG Materials, which are invaluable to competitors in the industry.

67. OVG has taken more than reasonable measures to maintain the secrecy of the OVG Materials, including without limitation, utilizing confidentiality and non-disclosure agreements with its employees and third-parties with access to the information.

68. As set forth herein, Defendant has misappropriated, misused, revealed, and disclosed the OVG Materials. Defendant impermissibly disseminated the OVG Materials in the Divorce Case for his personal benefit.

69. Defendant's misappropriation of the OVG Materials was willful, malicious, and in gross disregard of OVG's rights.

70. Defendant acquired the OVG Materials by improper means and also used and disclosed the OVG Materials while knowing that the trade secrets were improperly acquired. And, Defendant has ignored OVG's requests that Defendant return and/or destroy the OVG Materials.

71. OVG is therefore entitled to all relief available pursuant to the Maryland Uniform Trade Secrets Act, Md. Code Ann., Com. Law §11-1201.

72. OVG has no adequate remedy at law, and will suffer substantial and immediate irreparable harm unless Defendant is enjoined as requested below.

73. Furthermore, greater injury will be inflicted upon OVG by the denial of its requested relief than will be inflicted on Defendant by granting such relief.

74. As a result of Defendant's violations of the Maryland Uniform Trade Secrets Act, OVG will suffer actual damages, including but not limited to damages in the form of expenses related to investigative and remedial actions taken to address the effects of the misappropriation.

75. As a direct and proximate result of Defendant's misappropriation of trade secrets, OVG is entitled to have and recover damages from Defendant in an amount exceeding $75,000, and to include all available damages including economic, compensatory, and punitive damages.

76. Under section 11-1204 of the Maryland Uniform Trade Secrets Act, OVG is also entitled to attorneys' fees because Defendant's misappropriation was willful and malicious.

## COUNT II: VIOLATION OF THE DEFEND TRADE SECRETS ACT

18 U.S.C. § 1836, et seq.

77. OVG repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

78. The OVG Materials, including but not limited to sensitive financial and budgeting documents, prospective development models, and business strategy documents, are highly confidential and proprietary trade secrets.

79. The OVG Materials derive independent economic value by not being generally known and not being readily accessible through proper means by other persons who can obtain economic value from their disclosure and/or use, including competitors of OVG.

80. OVG has spent significant sums, in terms of both financial and human resources, to develop and maintain the OVG Materials, which are invaluable to competitors in the industry.

81. OVG has taken more than reasonable measures to maintain the secrecy of the OVG Materials, including without limitation, utilizing confidentiality and non-disclosure agreements with its employees and third-parties with access to the information.

82. As set forth herein, Defendant has misappropriated, misused, revealed, and disclosed the OVG Materials. Defendant impermissibly disseminated the OVG Materials in the Divorce Case for his personal benefit.

83. Defendant's misappropriation of the OVG Materials was willful, malicious, and in gross disregard of OVG's rights.

84. In particular, Defendant acquired the OVG Materials by improper means and also used and disclosed the OVG Materials while knowing that the trade secrets were improperly acquired. And, Defendant has ignored OVG's requests that Defendant return and/or destroy the OVG Materials.

85. Plaintiffs are therefore entitled to all relief available pursuant to the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, et seq.

86. OVG is an international company that operates in multiple states and several countries.

87. The OVG Materials are related to services used, and business conducted, in interstate and international commerce.

88. OVG has no adequate remedy at law, and will suffer substantial and immediate irreparable harm unless Defendant is enjoined as requested below.

89. Furthermore, greater injury will be inflicted upon OVG by the denial of its requested relief than will be inflicted on Defendant by granting such relief.

90. As a result of Defendant's violations of the Defend Trade Secret Act, 18 U.S.C. § 1836, et seq., OVG will suffer actual damages, including damages in the form of expenses related to investigative and remedial actions taken to address the effects of the misappropriation.

91. As a direct and proximate result of Defendant's theft of trade secrets, OVG is entitled to have and recover damages from Defendant in an amount exceeding $75,000, and to include all available damages including economic, compensatory, and punitive damages.

92. Under section § 1836(b)(3)(D) of the Defend Trade Secrets Act, OVG is also entitled to attorneys' fees because Defendant's misappropriation was willful and malicious.

## COUNT III: VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT

18 U.S.C. § 1030

93. OVG repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

94. OVG maintains computers and a computer network on which it develops and stores OVG privileged, confidential, proprietary and trade secret information. OVG utilizes robust data protection and security measures, which include, among other things, the requirement of multi-layer authentication, password protection and passcodes to all computers and phones that contain OVG information.

95. Defendant is not authorized to access any OVG computer or network.

96. OVG's computers are "protected computers" within the meaning of 18 U.S.C. § 1030(e)(2)(B), as they are used in and/or affect interstate and foreign commerce, in a manner that affects interstate or foreign commerce or communication of the United States.

97. Defendant intentionally accessed an OVG protected computer and OVG's computer system without consent or authorization by gaining access to Ms. Bernstein's work computer, files, and email account.

98. On information and belief, Defendant has obtained proprietary and confidential information from OVG's protected computer and computer system including the OVG Materials.

16

99. By his actions, Defendant has intentionally accessed a computer, email account, and computer network without authorization, or in excess of authorization, and has thereby obtained information from a protected computer in violation of 18 U.S.C. § 1030(a)(2)(C). Upon information and belief, Defendant engaged in such activity for purposes of commercial advantage, personal financial gain, and/or has caused impairment to the integrity of OVG's data, programs, systems, and information.

100. By his actions, Defendant has caused OVG to incur losses including but not limited to the cost of responding to Defendant's offenses, conducting damage assessments, restoring the data, program, system and/or information to its condition prior to Defendant's offenses, lost revenue and interruption of service. OVG has suffered losses in excess of $5,000 in aggregate value as a result of Defendant's course of conduct.

101. As a result of Defendant's violations of 18 U.S.C. § 1030, Plaintiff is entitled to recover economic damages, which include, but are not limited to lost profits, lost goodwill, damage to reputation, and impairment of value to property in amounts to be proven at trial, as well as injunctive relief, and any other equitable relief that the Court deems just a proper, as provided under 18 U.S.C. § 1030(g).

## COUNT IV: REQUEST FOR DECLARATORY RELIEF

28 U.S.C. § 2201, et seq.

102. OVG repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

103. OVG's application for declaratory relief is authorized under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57.

104. Defendant misappropriated the OVG Materials, which OVG owns and solely has the right to possess, by improper means.

105. Defendant has already disclosed the OVG Materials to multiple third parties, including multiple attorneys involved in this and related disputes.

106. Despite repeated requests from OVG, Defendant has willfully ignored demands to return and/or destroy the OVG Materials.

107. Therefore, an actual, present, and justiciable controversy has arisen between OVG and Defendant Craig Bernstein concerning the OVG Materials.

108. For the foregoing reasons, OVG respectfully requests that the Court grant the following declaratory relief:

    a. Declare that Defendant misappropriated the OVG Materials by improper means.

    b. Declare that Defendant is barred from using or disclosing any of OVG's confidential information or trade secrets including but not limited to the OVG Materials;

    c. Declare that Defendant is barred from attempting to further access or acquire OVG's confidential information or trade secrets including but not limited to the OVG Materials.

**REQUEST FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**

109. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, OVG will separately move the Court for the entry of a preliminary injunction prohibiting Defendant Craig Bernstein, and all persons acting on his behalf or in concert with him, from further use, misappropriation and disclosure of OVG's confidential information or trade secrets as described in this Complaint, and for such other and further relief to be set forth in Plaintiff's motion.

110. Based on the foregoing, OVG moves and prays for injunctive relief described in greater particularity in the Prayer, which is incorporated by reference as if set forth verbatim, to

redress the wrongs Defendant committed, is committing, or is threatening to commit, and to protect OVG.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants as follows:

1. For the following preliminary and permanent injunctive relief:

    a. Enjoin Defendant to return, at his own expense, all printed and electronic materials, and copies thereof, of OVG's confidential information and trade secrets, including but not limited to the OVG Materials.

    b. Enjoin Defendant from using or disclosing any of OVG's confidential information or trade secrets including but not limited to the OVG Materials.

    c. Enjoin Defendant from attempting to further access or acquire OVG's confidential information or trade secrets including but not limited to the OVG Materials.

2. For the following declaratory relief:

    a. Declare that Defendant wrongfully and without authorization took the OVG Materials;

    b. Declare that Defendant is barred from using or disclosing any of OVG's confidential information or trade secrets including but not limited to the OVG Materials;

    c. Declare that Defendant is barred from attempting to further access or acquire OVG's confidential information or trade secrets including but not limited to the OVG Materials.

3. For a monetary award in excess of $75,000 against Defendant to be proved at trial, including but not limited to economic, compensatory, and punitive damages.

4. For a monetary award against Defendant for Plaintiff's attorney fees and costs.

5. For pre- and post-judgment interest; and

6. For such other relief as the Court deems just and appropriate.

DATED: September 28, 2023

Respectfully submitted,

O'MELVENY & MYERS LLP

By: /s/ *Anne T. Marchitello*
Anne T. Marchitello (Federal Bar # 19918)
amarchitello@omm.com
1625 Eye Street, NW
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

Eric Amdursky (*pro hac vice* forthcoming)
eamdursky@omm.com
2765 Sand Hill Road
Menlo Park, CA 94025-7019
Telephone: (650) 473-2600
Facsimile: (650) 473-2601

Megan K. Smith (*pro hac vice* forthcoming)
megansmith@omm.com
1999 Avenue of the Stars, Suite 800
Los Angeles, CA 90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

*Attorneys for Plaintiff Oak View Group, LLC*